# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DAVID L. WOODRUM, )
)
      Plaintiff, )
)
v. ) Case No. CIV-12-338-SPS
)
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration,[1] )
)
      Defendant. )

## OPINION AND ORDER

The claimant David L. Woodrum requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born August 2, 1966, and was forty-five years old at the time of the administrative hearing. (Tr. 39, 116). He completed high school and two years of college, and has worked as a plumber. (Tr. 28, 182). He alleges that he has been disabled since June 13, 2009, due to herniated discs in his lower back, depression, diabetes, and multiple joint arthritis. (Tr. 181).

## Procedural History

On July 21, 2008, the claimant filed for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Michael A. Kirkpatrick held an administrative hearing and ALJ Osly F. Deramus determined that the claimant was not disabled in a written opinion dated January 3, 2012. (Tr. 20-30). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant could perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b), *i. e.*, he could lift/carry twenty pounds occasionally and ten pounds frequently, and stand/walk/sit six hours in an eight-hour workday. He imposed the additional psychologically-based limitations of performing simple, routine, unskilled

tasks, but not semi-skilled or skilled tasks. (Tr. 24). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, cashier II, bench assembler, and arcade attendant. (Tr. 29).

## Review

The claimant contends that the ALJ erred: (i) by failing to find jobs he could perform with his impairments and (ii) by failing to properly evaluate his credibility. The Court finds the claimant's second contention persuasive for the following reasons.

The ALJ found that the claimant had the severe impairments of diabetes mellitus, degenerative disc disease, depressive disorder, and alcohol dependence. (Tr. 23). The relevant medical evidence reveals that the claimant was diagnosed with diabetes but had difficulty controlling it, and that he reported problems with maintaining a healthy diet and complying with medications because he had difficulty affording groceries and medication. (Tr. 285-301). X-rays of the lumbar spine revealed bilateral SI joint fusion, which is highly suggestive of ankylosing spondylitis, but can also be seen in inflammatory bowel disease, and X-rays of the thoracic spine revealed minimal scoliotic deformity but no changes suggestive of ankylosing spondylitis. (Tr. 283-284).

A consultative physical examiner assessed the claimant with lower back pain with herniated discs, insulin-dependent diabetes mellitus in which the patient does not check his blood sugar every day, depression, and left knee arthroscopic surgeries. (Tr. 231). A consultative mental status examination revealed the diagnostic impressions of alcohol dependence, depressive disorder not otherwise specified, diabetes, three herniated discs

in his lower back, arthritis in his hip, and global assessment of functioning range of 55-64. (Tr. 240).

At the administrative hearing, the claimant testified that he applied for disability because he keeps hurting his back, his arthritis is getting worse, his diabetes was complicating those health problems, and his eyesight is deteriorating. (Tr. 42). He testified that he drinks as often as he can, but not as much as he used to because his diabetes interferes with it. (Tr. 46). He stated that he drinks to manage his pain and anxiety, that his doctor "doesn't do pain management," and that he has difficulty getting health care treatment because he does not have health insurance. (Tr. 46-47). He testified that he could stand up to forty-five minutes at a time, walk up to a mile on good days, but that he has to get up from sitting every ten or fifteen minutes. (Tr. 49). He testified that on a bad day, "I may have to crawl to the bathroom, I may just have to lay in bed all day." (Tr. 50).

In his written opinion, the ALJ summarized the claimant's testimony, then stated, "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 25-26). The ALJ then summarized the medical evidence and found that the assessments completed by state reviewing physicians should be afforded "some weight." He then found the claimant not disabled.

Deference is generally given to an ALJ's credibility determination, unless there is an indication that the ALJ misread the medical evidence taken as a whole. *See Casias*, 933 F.2d at 801. In assessing a claimant's complaints of pain, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The ALJ's credibility determination fell below these standards.

First, the ALJ cited to but did not discuss the credibility factors set forth in Social Security Ruling 96-7p and 20 C.F.R. § 404.1529, and further failed to apply those factors to the evidence.[3] He was not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but "simply 'recit[ing] the factors'" is insufficient, *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4, and here the ALJ did not even do that.

---

[3] The factors to consider in assessing a claimant's credibility are: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations. Soc. Sec. Rul. 96-7p at *3, 1996 WL 374186 (July 2, 1996).

Second, the comment that "[t]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" showed an improper approach to credibility. The ALJ should have *first* evaluated the claimant's credibility according to the above guidelines and only *then* formulated an appropriate RFC, not the other way around; instead, the ALJ apparently judged the claimant's credibility according to an already-determined RFC. *See Bjornson v. Astrue*, 2012 WL 280736 at *4-5 (7th Cir. Jan. 31, 2012) (slip op.) (in addressing nearly identical language, "[T]he passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards. The administrative law judge based his conclusion that Bjornson can do sedentary work on his determination that she was exaggerating the severity of her headaches. Doubts about credibility were thus critical to his assessment of ability to work, yet the boilerplate implies that the determination of credibility is deferred until ability to work is assessed without regard to credibility, even though it often can't be.").

Last, the only apparent reason reasons given by the ALJ for finding that the claimant's subjective complaints were not credible was that the claimant reported an inability to afford his bi-polar medication but was drinking beer and smoking cigarettes daily. This is hardly the balancing of all factors "in combination" prescribed in the regulations. *Huston v. Bowen*, 838 F.2d 1125, 1132-33 n.7 (10th Cir. 1988) ("When weighed in combination, such factors can shed light on the determination of credibility."). *See also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n

addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

Because the ALJ failed to analyze the claimant's credibility in accordance with *Kepler* and *Hardman*, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly analyze the claimant's credibility, and if such analysis requires any adjustment to the claimant's RFC on remand, the ALJ should re-determine what work he can perform, if any, and whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma