# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. WOODRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-12-338-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks attorneys' fees and costs in the amount of $9,118.80 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 24] *and* Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 27]. The Commissioner objects and urges the Court to deny the request or award a lesser amount. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded a reduced amount of attorney's fees and costs under the EAJA as the prevailing party herein.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

The Commissioner's response raises two issues: (i) whether the Plaintiff should be denied attorneys' fees and costs under the EAJA because the Commissioner's position was substantially justified, and (ii) whether any attorney's fees awarded under the EAJA should be reduced from the amount requested by the Plaintiff. The Court will address each of these issues *seriatim*.

On appeal, the Plaintiff asserted, *inter alia*, that the ALJ improperly discounted his credibility. The Commissioner asserts that his position was substantially justified because the arguments he made on appeal as to the claimant's credibility themselves had merit. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position he took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). And while the Commissioner may have provided a reasonable basis for the ALJ's credibility assessment on appeal, the ALJ below did not do so in the first instance. Inasmuch as it

was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

What matters here is that the Plaintiff was successful in obtaining a reversal of the Commissioner's denial of benefits on the basis of one of the propositions he advanced. *See Marquez*, 2014 WL 2050754, at *2 ("Under the EAJA, 'fees generally should be awarded where the [Commissioner's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002). The Court therefore concludes that the Plaintiff should be awarded attorneys' fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms.

Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

The Commissioner also contends that individual amounts billed by the Plaintiff's attorneys were "unnecessary and excessive" and that the amount of any award under the EAJA should be reduced accordingly. The Court agrees, and finds that the amount of attorneys' fees and costs sought by the Plaintiff should be reduced to $5,610.00.

Plaintiff's counsel has submitted billing records indicating that he has expended a surprising 60.9 hours on the Plaintiff's appeal before this Court. The Plaintiff's first Motion for fees under the EAJA [Docket No. 24], revealed a billing record of 48.1 hours for $8,992.10, which the Plaintiff reduced by 20% to a request of $7,193.00. Following the submission of their reply to the Commissioner's objections, the Plaintiff filed a supplemental motion indicating another 12.8 hours expended in preparing the reply to the Commissioner's objection and the supplemental fee request for an additional $2,406.40, which the Plaintiff again reduced by 20% to a request of $1,925.00. *See Masenthin v. Barnhart*, 2005 WL 1863146, at *3 (D. Kan. July 21, 2005) ("[T]ime spent preparing an EAJA Fee application is generally compensable[.]), *citing Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990) ([T]he EAJA [covers] the cost of all phases of successful civil litigation addressed by the statute."). The unreduced 60.9 hours originally billed would have amounted to a total fee request of $11,398.50, but Plaintiff's "billing judgment" in reducing this fee request by 20% has resulted in a total fee request of $9,118.80 for 48.72

hours. The Commissioner argues that even this reduced amount is not reasonable.[2] *See, e. g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.' . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"). In response to the Plaintiff's first motion for fees under the EAJA, the Commissioner asserted that 48.1 hours was unreasonable for the average Social Security appeal, and Plaintiff's counsel emphatically replied that their "voluntary reduction of 20%" actually results in a fee award reflecting 38.5 hours," well within the average calculation. Nevertheless, the Plaintiff's supplemental billing request increased the total fee request, even after the 20% "voluntary reduction," to 48.72 hours. This was undoubtedly outside the "average" number of hours for a Social Security appeal. In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time. *See, e. g.*, *Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty[;]" collecting cases).[3]

---

[2] The hourly rates sought by the Plaintiff are in line with those prescribed by the Commissioner, *i. e.*, $184/hour in 2012, $187/hour in 2013, and $188/hour in 2014, and there is no contention by the Commissioner that they are unreasonable in this case. *See* Docket No. 24, Ex. 3; *Hospice Center of Southeastern Oklahoma, Inc. v. Sebelius*, 2013 WL 2007315, at *1 n.1 (E.D. Okla. May 13, 2013) ("The court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U.").

[3] In a review of nineteen applications for fees under the EAJA submitted to the undersigned Magistrate Judge since April 1, 2014, the total hours of attorney time ranged from 18.8 hours to 38.5 hours, and averaged to 27.06 hours of attorney time for EAJA fee applications.

The Commissioner also argues that the amount sought by the Plaintiff should be reduced to a total of $4,000.00 because: (i) the requested fee is excessive compared to similar cases, (ii) the Plaintiff asserted two common points of error in his appeal, (iii) the hours recorded for tasks such as reviewing the transcript and preparing the opening brief are not justified, and (iv) typical cases involve an average of only 20 to 40 hours. The Commissioner points out that a number of arguments and citations in the reply brief are substantially similar to arguments made in other briefs submitted before this Court, and that the reply brief impermissibly raised a new argument. The Plaintiff responds that the fees should not be reduced because: (i) counsel has already exercised billing judgment to reduce the award by 20%, and (ii) the Commissioner failed to fully explain the basis for any reduction to $4,000.00. The Plaintiff also asserts that this case falls outside the "average" case in terms of work, and that he actually saved the claimant money by not performing unnecessary research with regard to the arguments and case law that have been used in multiple briefs.

The Court finds nothing in this case to differentiate it from the usual work required in the average case. The Plaintiff raised two common errors on appeal: (i) that he could not perform the jobs listed by the ALJ at step five, and (ii) that the ALJ improperly assessed his credibility, and the Plaintiff's counsel admits that he was able to use research and arguments previously submitted to the Court. He contends that his ability to do this saved time but that this case was nevertheless atypical enough to result in over 60 hours original billing hours. Nevertheless, it is still up to the Court to make a determination as to the reasonableness of the total fee request, specifically as to "whether the hours spent

representing the Plaintiff were 'reasonably expended.'" *Truelove v. Colvin*, 2014 WL 36750, at *2 (D. Colo. Jan. 6, 2014), *citing Blum v. Stevenson*, 465 U.S. 886, 901 (1984) *and Hensley*, 461 U.S. at 437; *see also Grey v. Chater*, 1997 WL 12806, at *1-2 (S.D. N.Y. Jan. 14, 1997) ("This case was not so complex such that 65.03 hours constituted a reasonable expenditure of time in pursuing this action. The Court concludes that an award of fees for 30 hours of work is reasonable in this case, and therefore reduces the total number of compensable hours accordingly."). After a review of the arguments by the parties, as well as a review of the hours expended in light of the subject matter and difficulty of the Plaintiff's case, the Court therefore finds that 30 hours is a reasonable award for the work performed in this case, and that it shall be compensated at the hourly rate of $187, which is the 2013 hourly rate and the year counsel performed the bulk of the work in this case (billing 44.7 hours in 2013, out of the total 60.9 hours reported). *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) ("There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour."). *See also Williams v. Astrue*, 2007 WL 2582177, at *1 (D. Kan. Aug. 28, 2007) ("[C]ourts in this district have not hesitated to disallow hours over 40 as unreasonable in recent routine EAJA social security cases"; collecting cases). This results in a fee award of $5,610.00.

In conclusion, the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 24] and Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 27] are hereby GRANTED. For the reasons set forth above, the

Plaintiff is hereby AWARDED attorneys' fees and costs in the amount of $5,610.00 as the prevailing party herein under the EAJA.

    **IT IS SO ORDERED** this 9th day of July, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma